**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:18-cv-109 |
| MERCURY METAL FORMING TECHNOLOGIES, LLC, | § § § | Jury Demand |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR BREACH OF CONTRACT,
COPYRIGHT INFRINGEMENT, AND CIRCUMVENTION OF A COPYRIGHT
PROTECTION SYSTEM**

Plaintiff Siemens Product Lifecycle Management Software Inc., by its attorneys, for and on behalf of its complaint against Defendant Mercury Metal Forming Technologies, LLC, hereby alleges as follows:

**PARTIES**

1. Plaintiff Siemens Product Lifecycle Management Software Inc. ("Siemens PLM" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

2. Defendant Mercury Metal Forming Technologies, LLC ("Mercury Metal") is a limited liability company corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in the State of Michigan at 29440 Calahan Road, Roseville, Michigan 48066.

## JURISDICTION AND VENUE

3.      This is a civil action seeking damages for breach of a settlement agreement, copyright infringement (17 U.S.C. § 501, et seq.), and for circumvention of copyright protection systems (17 U.S.C. § 1201, et seq.) under the laws of the United States.

4.      This Court has jurisdiction over this action pursuant to 17 U.S.C. § 101, et seq.; 17 U.S.C. § 1203(a) (circumvention of copyright protection systems); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5.      Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a).   The parties have also consented to the exclusive jurisdiction and venue of the Eastern District of Texas in the contract at issue in this dispute.

## ORIGIN OF THE DISPUTE

6.      Siemens PLM filed a copyright infringement suit against Mercury Metal in the Eastern District of Texas in January 2014 based on Mercury Metal's unlicensed use of Siemens PLM's copyrighted software products (Civil Action No. 4:14-cv-00002-DDB).   Mercury Metal did not appear in that case, and Siemens PLM obtained a default judgment in the amount of $167,500.

7.      After Siemens PLM obtained the default judgment, Siemens PLM and Mercury Metal entered into a Settlement Agreement and Release whereby Mercury Metal would obtain a release for its past infringements and Siemens PLM would not enforce the default judgment in exchange for a total of $167,500 over a period of eighty-four (84) months.   The payments were a condition precedent to Mercury Metal obtaining a release.

8.      Mercury Metal stopped making payments after three $2,000 payments and has failed to make any additional payments under the Agreement.

9.     Mercury Metal also resumed its unlicensed use Siemens PLM's software in July 2017.

10.     Siemens PLM declared Mercury Metal to be in default and made demand for the remaining $161,500 owed to Siemens PLM, which is now due pursuant to Paragraph 4 of the Agreement, as well as reasonable costs and attorneys' fees pursuant to Paragraph 14 of the Agreement.

**FIRST CAUSE OF ACTION**
**(Breach of the Settlement Agreement by Mercury Metal)**

11.     Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

12.     Siemens PLM and Defendant Mercury Metal entered into the Agreement on or around November 25, 2014.

13.     As part of the Agreement, Mercury Metal agreed to discontinue use of any unlicensed copy or instance of Siemens PLM's proprietary software and pay Siemens PLM a total of $167,500 over a period of eighty-four (84) months in exchange for Siemens PLM's release of Mercury Metal.

14.     Mercury Metal thereafter breached the Settlement Agreement and Release due to its failure to timely pay Siemens PLM and its continued use of unlicensed Siemens PLM proprietary software.  Mercury Metal continues to neglect its obligation to pay Siemens PLM to the date of this filing.

15.     Siemens PLM has provided Mercury Metal with written notices and opportunities to cure Mercury Metal's breach of the Settlement Agreement and Release.

16.     As a direct and proximate cause of Mercury Metal's breach of the Agreement, Siemens PLM has suffered actual damages.

17.     All conditions precedent to Siemens PLM's recovery under the Agreement have been satisfied.

## SECOND CAUSE OF ACTION
### (Infringement of Copyrights Against Mercury Metal)

18.     Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

19.     Siemens PLM manufactures and distributes Product Lifecycle Management ("PLM") software, which allows companies to manage the entire lifecycle of a product efficiently and cost-effectively, from ideation, design and manufacture, through service and disposal.

20.     PLM software brings together computer-aided design ("CAD"), computer-aided manufacturing ("CAM"), computer-aided engineering ("CAE"), product data management ("PDM") and digital manufacturing.  By providing the application depth and breadth needed to digitally author, validate and manage the detailed product and process data, PLM supports innovation by its customers.

21.     NX 10 software is among the PLM software products offered by Siemens PLM. NX 10 offers the industry's broadest suite of integrated, fully associative CAD/CAM/CAE applications.   They  touch  the  full  range  of  development  processes  in  product  design, manufacturing, and simulation, allowing companies to encourage the use of best practices by capturing and reusing product and process knowledge.

22.     Siemens PLM software (the "Copyrighted Software"), including NX 10 software, constitutes and contains Siemens PLM's valuable intellectual property that has been developed

over many years through the investment of substantial resources.  To protect its rights and interests in its valuable software, including but not limited to NX software, Siemens PLM obtains and registers copyrights to its works.  Siemens PLM is, and at all relevant times has been, the copyright owner under United States copyright law with respect to certain copyrighted software including, but not limited to, the NX software.  The NX software is the subject of valid Copyright Registrations issued by the Register of Copyrights to Plaintiff.  A copy of the Certificate for Registration for Copyright Registration Number TXu 1-965-012, dated December 9, 2014, which covers the NX 10 software is attached hereto as Exhibit 1.

23.     Plaintiff has placed proper notices of copyright pursuant to 17 U.S.C. § 401 on NX 10.

24.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce NX 10 and to distribute them to the public.

25.     Mercury Metal, without permission or consent of Siemens PLM, used an unlicensed version of the NX software both before and after entering the Agreement.

26.     Siemens PLM is informed and believes that on or around July 11, 2017, Defendant Mercury Metal unlawfully obtained and began using an unlicensed version of Siemens PLM's NX 10 software at Mercury Metal's facility in Roseville, Michigan.

27.     Siemens PLM is informed and believes that on at least 23 occasions between July 11, 2017 and December 02, 2017, Mercury Metal used that unlicensed version of NX 10 on at least two unique machines.

28.     Mercury Metal's unlicensed use of the Copyrighted Software violates Plaintiff's exclusive rights of reproduction and/or distribution.  Defendant Mercury Metal's actions constitute willful infringement of Plaintiff's copyright and/or exclusive rights under copyright.

29.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

30.     Plaintiff informed Mercury Metal of the infringements and requested that Mercury Metal purchase valid licenses for NX 10.  Mercury Metal has refused.

31.     Mercury Metal's unlicensed and unlawful use of the NX software in the face of repeated notice constitutes, among other prohibited acts, willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501, *et. seq*.

32.     As a result of Defendant Mercury Metal's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §§ 502 and 503.

33.     As a result of Defendant Mercury Metal's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages according to proof.

34.     As a result of Defendant Mercury Metal's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to an accounting of Mercury Metal's use and/or downloading of NX 10 and an accounting and recovery of revenues and profits obtained by Mercury Metal through such use and/or downloading of such software.

35.     As a result of Defendant Mercury Metal's infringement of Plaintiff's copyright and exclusive rights under copyright, including willful and intentional infringement, Plaintiff is also entitled to enhanced damages and recovery of its attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**(Circumvention of Copyright Protection System Against Mercury Metal)**

36.     Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

37.     Plaintiff is informed and believes that Defendant Mercury Metal, in order to use the NX 10 software without purchasing valid licenses, acquired or created "cracked" versions NX 10 that allowed Mercury Metal to access software modules covered by multiple copyrights through circumvention of Plaintiff's copyright protection measures.[1]

38.     As a result of Defendant Mercury Metal's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c).

39.     As a result of Defendant Mercury Metal's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to actual damages according to proof.

40.     As a result of Defendant Mercury Metal's circumvention of Siemens PLM's copyright protection system, Plaintiff is entitled to an accounting and recovery of profits obtained by Mercury Metal's circumvention of Siemens PLM's copyright protection system between July 11, 2017 and the date of this filing.

41.     As a result of Defendant Mercury Metal's circumvention of Siemens PLM's copyright protection system, Plaintiff is also entitled to recovery of its attorneys' fees and costs.

---

[1] "Cracking" is the modification of software to remove or disable features or components of the software.  In this case, the modified portion of the Copyrighted Software was designed to protect against unlicensed use.

## DEMAND FOR JURY TRIAL

42.     Plaintiff Siemens Product Lifecycle Management Software Inc. hereby demands a

trial by jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Mercury Metal as follows:

(a)     For actual damages according to proof;

(b)     For statutory damages for each infringement of each Copyrighted Software
        pursuant to 17 U.S.C. § 504;

(c)     For statutory damages for each circumvention of Plaintiff's copyright protection
        system pursuant to 17 U.S.C. § 1203(c);

(d)     For an accounting of the use and/or download by Defendant of the Copyrighted
        Software;

(e)     For an accounting of any revenues and profits realized by or through Defendant's
        use and/or download of the Copyrighted Software;

(f)     For pre- and post-judgment interest in the full amount allowable by law;

(g)     For enhanced damages;

(h)     For Plaintiff's costs in this action;

(i)     For Plaintiff's reasonable attorneys' fees incurred herein; and

(j)     For such other and further relief as the Court may deem just and proper.

DATED:  February 16, 2018       Respectfully submitted,

REED SMITH LLP

By: */s/* Robert R. Riddle
      Robert R. Riddle
      Texas Bar No. 24035495
      rriddle@reedsmith.com
      Andrew Bluebond
      Texas Bar No. 24092147
      abluebond@reedsmith.com
      811 Main Street, Suite 1700
      Houston, Texas  77002-6110
      Telephone:  713.469.3800
      Telecopier:  713.469.3899

      *Counsel for Plaintiff*
      *Siemens Product Lifecycle Management Inc.*