**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Siemens Product Lifecycle Management Software Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> Mercury Metal Forming Technologies, LLC, <br><br> *Defendant*. | Civil Action No. 4:18-cv-109 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiff Siemens Product Lifecycle Management Software Inc. ("Plaintiff") files this supplement in support of its Motion for Default Judgment (Dkt. 8), which was filed on May 1, 2018 and heard on June 12, 2018. (Dkt. 12).  At the June 12, 2018 hearing, Plaintiff's counsel described Siemens PLM's multi-year effort to enforce its software copyrights against Defendant Mercury Metal Forming Technologies, LLC ("Mercury Metal").  Counsel set out the evidence submitted in support of Siemens PLM's claim for damages, as well as counsel's efforts to contact Mercury Metal regarding these proceedings.  The Court indicated that before it would enter a default judgment against Mercury Metal, Siemens PLM needed to supplement its filings describing counsel's efforts to contact Mercury Metal prior to the entry of the requested defaulted judgment.  The Court also indicated that it required additional support for Siemens PLM's claims for attorneys' fees and costs.  Siemens PLM's supplemental filing provides this information, which is supported by the affidavits of Siemens PLM's counsel.  *See* Ex. A, Riddle

Affidavit; Ex. B, Bluebond Affidavit.  This filing, including its exhibits and attachments, will be served on Mr. Randall Starks, Mercury Metal's registered agent and president.

Siemens PLM renews its request for entry of default judgment against Defendant Mercury Metal Forming Technologies, LLC, and states the following in support of its Motion for Default for Judgment:

1. Siemens PLM seeks its second default judgment against Mercury Metal in this Court.  After Siemens PLM obtained a default judgment against Mercury Metal in Cause No. 4:14CV2 in the United States District Court, Eastern District of Texas, Siemens PLM agreed not to enforce that judgment as part of a November 25, 2014 Settlement Agreement and Release between Mercury Metal and Siemens PLM (Dkt. 8, Ex. A, Fujii Affidavit).

2. Mercury Metal breached this Settlement Agreement by failing to timely pay Siemens PLM and by continuing to use Plaintiff's proprietary software without a license.  Before its breach, Mercury Metal made three payments in the amount of $2,000 each to Plaintiff.  (Dkt. 1 at ¶ 8; Dkt. 8, Ex. A, Fujii Aff. at ¶ 14).  After Mercury Metal defaulted on its payments, Siemens PLM discovered that Mercury Metal also breached the Settlement Agreement and Release by continuing to use unlicensed versions of Siemens PLM's software between February 12, 2016 and October 25, 2017.  (Dkt. 8, Ex. A, Fujii Aff. at ¶¶ 42-43).

3. After Siemens PLM discovered the post-settlement infringements, Plaintiff's counsel contacted the attorney representing Mercury Metal in entering the Settlement Agreement and Release.  (Ex. C, Bluebond Email to Paul Zalewski, November 7, 2017).  In that correspondence, Siemens PLM informed counsel that Mercury Metal failed to make $66,000 in monthly payments under the Settlement Agreement and Release and that Mercury Metal had continued its unlicensed use of Siemens PLM's software on nineteen different occasions between

February 12, 2016 and October 25, 2017. Siemens PLM explained that "[t]hese infringements are both breaches of the settlement agreement and violations of Siemens PLM intellectual property rights," and demanded that Mercury Metal cease and desist its unlicensed use of Siemens PLM software and confirm the destruction of same in writing to Siemens PLM. (*Id.*). Mr. Zalewski called on or around November 8, 2017 to indicate that he no longer represented Mercury Metal and had not been in contact with Mercury Metal since negotiating the Settlement Agreement and Release. (Ex. B, Bluebond Aff. ¶ 4). Mr. Zalewski could not provide contact information for new counsel, and was not aware if Mercury Metal had retained another attorney. (*Id.* ¶ 4).

4. After confirming that Mercury Metal was not represented by its former counsel, Siemens PLM sent a cease and desist letter to Mercury Metal on December 6, 2017. (Ex. D, Letter from Andrew Bluebond to Randall Starks, December 6, 2017). Mercury Metal did not respond, although Siemens PLM's counsel has confirmed that its correspondence was received by Mercury Metal.

5. Plaintiff's counsel then attempted to contact Mercury Metal through Randall Starks, directly by telephone, including by leaving messages with staff. (Ex. B ¶ 6). None of counsel's calls were returned. (*Id.* ¶ 6).

6. On February 16, 2018, Plaintiff filed its Complaint (the "Complaint") in the above-captioned matter. (Dkt. 1).

7. Defendant was served with process via service on its President, Randall Starks, on February 19, 2018, and a return of service, including Proof of Service, was filed with the Court on March 27, 2018. (Dkt. 5).

8. Defendant, after having been duly served with process, failed to appear and

answer within the time required by the Federal Rules of Civil Procedure, which was on or before March 12, 2018.

9. Defendant did not serve a responsive pleading or otherwise defend against Plaintiff's claims.

10. On April 4, 2018, Plaintiff requested entry of default. (Dkt. 6). On April 6, 2018, the Court ordered a default be entered against the Defendant on the docket for failure to answer or otherwise plead. (Dkt. 7).

11. Despite being properly served in this case, which proceeds in this Court because of a venue provision the parties agreed to while Mercury Metal was represented by counsel, Defendant has not made an appearance.

12. Siemens PLM's counsel has made multiple efforts to contact Defendant, including through its prior counsel, before filing this suit.

13. Since being served with this lawsuit, Mercury Metal has refused correspondence from Plaintiff's Counsel. When Siemens PLM filed its Motion for Default Judgment and attempted to have it delivered to Mercury Metal's business address, Mercury Metal "refused" the CMRRR delivery of the motion. (Ex. E, Returned Letter to Randall Starks).

14. The Court later set Siemens PLM's motion for a hearing on June 12, 2018. (Dkt. 12). Siemens PLM did not serve a separate notice of that hearing on Mercury Metal.[1]

---

[1] During the June 12, 2018 hearing, Magistrate Judge Kimberly C. Priest Johnson asked counsel if Mercury Metal had been given notice of the hearing. Counsel answered "yes," understanding that Mercury Metal had been served with the lawsuit and began refusing to receive filings documents from Siemens PLM on June 2, 2018. (Ex. E, Returned Letter to Randall Starks). Counsel adds this statement to the supplement filing to avoid any doubt the notice provided to Mercury Metal.

**Monetary Damages**

15. Plaintiff seeks monetary damages for both breach of contract and willful infringement of copyrights against Defendant. With the exception of the attorneys' fees sought below, Plaintiff's damages for its breach of contract and willful copyright violation claims are supported by the documentation and affidavit offered in support of its Motion for Entry of Default Judgment. (Dkt. 8). This supplemental filing offers support for Siemens PLM's claims for attorneys' fees and costs.

**Mercury Metal's breach of Settlement Agreement entitles Siemens PLM to recover attorneys' fees and costs.**

16. Under the Settlement Agreement and Release, Defendant agreed to discontinue use of any unlicensed copy or instant of Plaintiff's proprietary software and pay Plaintiff a total of $167,500 over a period of eighty-four (84) months in exchange for Plaintiff's release of Defendant. (Dkt. 1 at ¶¶ 7, 12–13; Dkt. 8, Ex. A, Fujii Aff. at ¶¶ 10–13)

17. Defendant breached this Settlement Agreement by failing to timely pay Plaintiff and by continuing to use Plaintiff's proprietary software without a license. (Dkt. 8, Ex. A, Fujii Aff. at ¶¶ 14-15). Plaintiff has provided Defendant with written notices and opportunities to cure Defendant's breach of the Settlement Agreement and Release. (*Id*. at ¶ 15). Defendant has neither responded to those notices nor made payments to Plaintiff to cure the breach. *Id.*

18. Plaintiff's reasonable costs and attorneys' fees incurred in bringing these breach of contract claims are recoverably by Siemens PLM pursuant to Paragraph 14 of the Settlement Agreement and Release.

**Mercury Metal's willful copyright infringements also entitled Siemens PLM to recover attorneys' fees.**

19. Defendant willfully infringed Plaintiff's copyrights in Plaintiff's software by

knowingly downloading and using Plaintiff's software without obtaining a license to do so. Defendant has, through its non-appearance, failed to contest these infringement and willfulness allegations or otherwise establish its belief in any alleged innocence for its conduct. As demonstrated during the June 12 hearing, Plaintiff is accordingly entitled to damages up to $150,000 for this violation of its copyrights. Further, Siemens PLM may recover its attorneys' fees and costs in bringing the willful copyright infringement claim.

20. In support of Siemens PLM's recovery of attorneys' fees, Siemens PLM submits the affidavit of Robert Riddle, Siemens PLM's counsel throughout this dispute with Mercury Metal. As detailed in the affidavit, Siemens PLM incurred attorneys' fees of $17,473.20 and costs of $1,121.78. These fees were reasonable and necessary for Siemens PLM to enforce the Settlement Agreement and Release and protect Siemens PLM's valuable intellectual property rights against a known, willful violator.

Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant in the manner set forth in the Proposed Order simultaneously submitted herewith.

DATED: July 27, 2018

Respectfully submitted,

*/s/ Robert R. Riddle*
Robert R. Riddle
Texas Bar No. 24035495
rriddle@reedsmith.com
Andrew Bluebond
Texas Bar No. 24092147
abluebond@reedsmith.com
Reed Smith, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone:+1 713 469 3800
Facsimile: +1 713 469 3899

*Counsel for Plaintiff*
*Siemens Product Lifecycle Management*
*Software Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that this filing is being served with a copy of this document on this 27th day of July, 2018 in accordance with the Federal Rules via CM/ECF, or as otherwise indicated below.

**Mercury Metal Forming Technologies, LLC**
c/o Registered Agent, Randell N. Starks
29440 Calahan Road
Roseville, Michigan 48066
*Via Certified Mail and Personal Service*

                                            */s/ Robert R. Riddle*
                                            Robert R. Riddle